# In the United States Court of Federal Claims

No. 13-76C
(Filed: July 23, 2013)

```
*************************************
THERESA DANIELS,                    *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

## ORDER DISMISSING CASE

      The above-captioned case was transferred to the United States Court of Federal Claims from the United States District Court for the District of Oregon on January 30, 2013. The transfer complaint was due by March 4, 2013. On February 22, 2013, the pro se plaintiff filed a motion for enlargement of time seeking an additional sixty days within which to file her transfer complaint. She explained that she needed the additional time to locate and retain new counsel because her attorney, Glenn N. Solomon, had terminated the attorney-client relationship. The court granted plaintiff's motion on February 27, 2013, extending the deadline to file a transfer complaint to May 3, 2013.

      Plaintiff did not file a transfer complaint by the May 3, 2013 deadline. In a May 13, 2013 order, the court directed plaintiff to file a status report by May 31, 2013, describing her efforts in locating an attorney to represent her and indicating whether she needed additional time to locate an attorney. Plaintiff did not file a status report. Thus, on June 17, 2013, the court issued an order to show cause, directing plaintiff to respond to the order by July 5, 2013, or face dismissal of her case for failure to prosecute. The court sent the order to plaintiff at her home address–the only contact information the court had for plaintiff–via certified mail. On June 25, 2013, the U.S. Postal Service returned the order to the court as undeliverable.[1]

      Although it is plaintiff's responsibility under Rule 83.1(b)(5)(A) of the Rules of the United States Court of Federal Claims ("RCFC") to keep the court informed of her address, the court made one final effort to ascertain plaintiff's current whereabouts. The court contacted plaintiff's former attorney, Mr. Solomon, to ascertain whether he had current contact information

---

[1] The sticker affixed to the envelope indicated: "Return to Sender; Unable to Forward." A handwritten notation on the envelop indicated: "Moved; No Fwd; 6442."

for plaintiff.[2]  Specifically, on July 1, 2013, the court issued an order requesting that Mr. Solomon file a status report by July 15, 2013, indicating whether he had any additional contact information for plaintiff, such as a current mailing address, an e-mail address, or a telephone number.  That same day, a member of chambers staff called Mr. Solomon to relay the court's request.  Mr. Solomon orally represented that he had no other contact information for plaintiff, but apparently he has declined to confirm what he related to chambers staff in writing as requested by the court.

Having exhausted all reasonable and appropriate avenues in an effort to advise plaintiff that her case faces dismissal, the court can do nothing more than dismiss plaintiff's case for failure to prosecute pursuant to RCFC 41(b).  As explained above, it is a litigant's duty to maintain current contact information with the court.  The court is not obliged to engage in assiduous detective work to locate an individual whose case was transferred to this court.  Therefore, the clerk is directed to **DISMISS** plaintiff's case and enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney  
MARGARET M. SWEENEY  
Judge

---

[2]  The court could not, and remains unable to, seek further contact information from defendant; because a transfer complaint has not yet been filed, the United States Department of Justice has not assigned an attorney to the case.